UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 20-8495-JGB (KS)                                             Date: October 6, 2020

Title    _Daniel Harper v. California Department of Corrections and Rehabilitation_

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

|   Gay Roberson   |   N/A   |
|---|---|
|   Deputy Clerk   |   Court Reporter / Recorder   |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 15, 2020, Plaintiff, who is confined at the California Medical Facility in Vacaville, California and proceeding _pro se_, filed a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.)  In the Complaint, Plaintiff asserts claims on behalf of the female prison employees working at prisons throughout California, whom he asserts are sexually harassed by other inmates and not adequately protected from harassment by their employer, the California Department of Corrections and Rehabilitation.  (Complaint 1-6.)  Plaintiff states that he is "not entitled to any relief[,] all [he] want[s] to do is stand up for the female staff in all of California's prisons." (Complaint at 7.)

As such, the Complaint violates the general rule prohibiting _pro se_ plaintiffs, such as Plaintiff, from pursuing claims on behalf of others in a representative capacity.  _See Simon v. Hartford Life & Accident Ins. Co._, 546 F.3d 661, 664 (9th Cir. 2008).  Additionally, the Complaint does not support a reasonable inference that Plaintiff has standing to bring these claims because Plaintiff has not pled that he suffered an "injury in fact" that is likely to be "redressed by a favorable decision."  _See Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-61 (1992).  For these reasons, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. _See_ 28 U.S.C. § 1915A(b) (Congress requires district courts to dismiss civil rights complaints brought by prisoners if the court determines that the complaint, or any portion thereof, fails to state a claim upon which relief can be granted).

Also on September 15, 2020, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed _in forma pauperis_ ("IFP").  (Dkt. No. 2.)  Three weeks have now passed, and Plaintiff has not responded to the Court's notification.  Accordingly, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8495-JGB (KS)                              Date: October 6, 2020

Title   *Daniel Harper v. California Department of Corrections and Rehabilitation*

Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment of the fee, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than October 27, why the action should not be dismissed.**

    To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P).  **To discharge this Order and proceed with his case, Plaintiff must either:  (1) pay the $400 filing fee in full; or (2) file the completed forms, and the necessary documentation, with the Court on or before the October 27, 2020 deadline.**

    Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal of his case.

    **IT IS SO ORDERED**.

:
**Initials of Preparer**   gr