JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br>        Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br>        Defendants. | NO. CV 20-8495-JGB (KS)<br><br>ORDER AND JUDGMENT OF DISMISSAL |

On September 15, 2020, Plaintiff, who is confined at the California Medical Facility in Vacaville, California and proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) In the Complaint, Plaintiff asserts that female prison employees working at prisons throughout California are sexually harassed by inmates and not adequately protected from harassment by their employer, the California Department of Corrections and Rehabilitation. (Complaint 1-6.) Plaintiff states that he is "not entitled to any relief[,] all [he] want[s] to do is stand up for the female staff in all of California's prisons." (Complaint at 7.) Also on September 15, 2020, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*. (Dkt. No. 2.)

On October 6, 2020, after three weeks had passed and Plaintiff had not responded to the Court's notification, the Court ordered Plaintiff to show cause, no later than October 27, 2020, why the action should not be dismissed for failure to pay the filing fee or obtain authorization to proceed without prepayment of the fee. (Dkt. No. 4.) The Court also notified Plaintiff that the Complaint violates the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity, *see Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008), and does not support a reasonable inference that Plaintiff has standing to bring the claims asserted. (Dkt. No. 4); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Court warned Plaintiff that, for these reasons, the Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. (Dkt. No. 4); *see also* 28 U.S.C. § 1915A(b) (Congress requires district courts to dismiss civil rights complaints brought by prisoners if the court determines that the complaint, or any portion thereof, fails to state a claim upon which relief can be granted).

On October 21, 2020, Plaintiff responded to the Court's October 6, 2020 Order to Show Cause. (Dkt. No. 5.) In the Response, Plaintiff states: "I have sent stuff to the house representative or elected officials in Sacramento to see if there is anything they can do to help and I have not heard from any of them at all so I got to try at the court level. So please do not dismiss this case I do not want it to be a 1983 at all. All I want is get a civil rights measure put into action for these female staff at these prisons. Please." (*Id.*) Plaintiff attached to the Response a request to proceed *in forma pauperis*. (Dkt. No. 5 at CM/ECF Page ID 99-103.)

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy"—namely, a plaintiff must demonstrate a "personal stake in the outcome." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Flast v. Cohen*, 392 U.S. 93, 94-101 (1968) and *Baker v. Carr*, 369 U.S. 186, 204 (1962)). This question of "standing" is an essential part of the case-or-controversy requirement of Article III and not subject to waiver.

*Lujan*, 504 U.S. at 560; *see United States v. Hays*, 515 U.S 737, 742 (1995). The burden lies on the plaintiff to establish standing, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), and, to do so, a plaintiff must demonstrate (1) an "invasion of a legally protected interest" (2) that is "concrete and particularized," (3) "actual and imminent," (4) "fairly traceable to the challenged action," and (5) "redressable by a favorable ruling." *Arizona State Leg. v. Arizona Indep. Redistricting Comm'n*, ___ U.S. ____, 135 S. Ct. 2652, 2663 (2015). Consequently, "[a] litigant 'raising only a generally available grievance about government— . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013); *see Lujan*, 504 U.S. at 576 ("Vindicating the public interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive." (emphasis in original)).

Plaintiff indicates that he does not wish to bring a Section 1983 lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"); rather, he is advocating for "a civil rights measure" to protect female prison staff from sexual harassment, and he filed a complaint with the Court only because he has not received a response from the State legislature. (Dkt. No. 5.) However, under Article III, the Court has no jurisdiction to consider whether a "civil rights measure" or other policy change is warranted. As stated above, the Court's jurisdiction extends only to "cases or controversies," and, without more, a plaintiff's complaints about his exposure to undesirable or even unlawful conduct does not establish that a present case or controversy exists. *See Lujan*, 504 U.S. at 564. For these reasons, the Court finds it lacks jurisdiction, and, despite Plaintiff's good intentions, the action must be dismissed.

The Court also notes that the Complaint violates the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity. *See Simon*, 546 F.3d at 664. "[A] *pro se* litigant may not bring a class action on behalf of others," *Williams*

3

*v. Kobayashi*, CIV. NO. 1:18-cv-00336 DKW-RLP, 2018 WL 5258614, at *8 (D. Hawai'i Oct. 22, 2018) (citing *Simon*, 546 F.3d at 664-65; *Robertson v. Republic of Nicaragua*, 719 F. App'x 705 (9th Cir. 2018)), because "*pro se* plaintiffs cannot represent and protect the interests of the class fairly and adequately." See *Nellis v. Cushfield Maint. W. Corp.*, Case No. 18-CV-03946-LHK, 2019 WL 2744835, at *8 (N.D. Cal. July 1, 2019) (collecting cases dismissing class action claims brought by pro se litigant). "The privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities. Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Simon*, 546 F.3d at 664. Here, Plaintiff purports to represent the interests of female prison staff, but the law precludes him from doing so as a *pro se* litigant.

In light of the foregoing, and without reaching the merits of Plaintiff's application to proceed *in forma pauperis*, IT IS HEREBY ORDERED AND ADJUDGED that this action is DISMISSED without prejudice.

DATED: November 4, 2020

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

4